IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE MUNDAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET GROUP, INC.,<br><br>Defendant. | NO.: 2:22-cv-04807-KBH |

**DEFENDANT AVIS BUDGET GROUP, INC.'S
REPLY IN SUPPORT OF
<u>RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. THIS COURT LACKS PERSONAL JURISDICTION OVER ABG .............................. 2

    A. ABG Is Not Subject To General Jurisdiction In Pennsylvania ............................. 2
    B. Specific Jurisdiction Is Absent Under Calder ........................................................ 3
    C. Specific Jurisdiction Is Absent Under The Traditional Test .................................. 4
    D. Plaintiff's Request For Jurisdictional Discovery Should Be Denied ..................... 5

III. THE OPPOSITION CONFIRMS THAT PLAINTIFF HAS NOT BEEN HARMED ........................................................................................................................ 6

IV. PLAINTIFF HAS NO PWESCA CLAIM ....................................................................... 7

    A. Software Is Not A Device Under PWESCA ......................................................... 7
    B. Plaintiff Does Not Allege That ABG Captured Any Contents .............................. 8
    C. Plaintiff Does Not Allege An Interception ............................................................ 9
    D. Plaintiff Consented To Any Recording ................................................................. 10

V. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Action Mfg. Co. v. Simon Wrecking Co.*,
    375 F. Supp. 2d 411 (E.D. Pa. 2005) ...................................................................................4

*Adams v. PSP Grp., LLC*,
    No. 4:22-CV-1210 RLW, 2023 WL 5951784 (E.D. Mo. Sept. 13, 2023) ..............................7

*Bartnicki v. Vopper*,
    532 U.S. 514 (2001) ..........................................................................................................6, 7

*Brown v. Google, LLC*,
    525 F. Supp. 3d 1049 (N.D. Cal. 2021) ................................................................................9

*Bryant v. Compass Group USA, Inc.*,
    958 F.3d 617 (7th Cir. 2020) ................................................................................................7

*Byars v. Goodyear Tire & Rubber Co.*,
    2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) .........................................................................9

*Byars v. Hot Topic*,
    2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .......................................................................9

*Byrd v. Aaron's, Inc.*,
    No. CV 11-101, 2012 WL 12887775 (W.D. Pa. Feb. 17, 2012) ...........................................8

*Campbell v. Facebook, Inc.*,
    951 F.3d 1106 (9th Cir. 2020) ..............................................................................................7

*In re Carrier IQ, Inc.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ..................................................................................8

*Chant Eng'g Co. v. Cumberland Sales Co.*,
    No. CV 20-4559, 2021 WL 848062 (E.D. Pa. Mar. 5, 2021) ................................................3

*Cook v. GameStop, Inc.*,
    No. 2:22-CV-1292, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023) .............................2, 6, 7, 8

*D'Onofrio v. Il Mattino*,
    430 F. Supp. 2d 431 (E.D. Pa. 2006) ....................................................................................3

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..............................................................................................................2

*Daimler. BNSF Ry. Co. v. Tyrrell*,
    581 U.S. 402 (2017) ..............................................................................................................3

*Doe v. Meta Platforms, Inc.*,
    No. 22-cv-03580-WHO, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ................................8

*Dzananovic v. Bumble, Inc.*,
    No. 21-CV-06925, 2023 WL 4405833 (N.D. Ill. July 7, 2023) .............................................5

*Edwards v. HOVENSA, LLC*,
   497 F.3d 355 (3d Cir. 2007)..................................................................................................10

*In re Facebook, Inc. Internet Tracking Litig*,
   956 F.3d 589 (9th Cir. 2020) ..................................................................................................7

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021)............................................................................................................5

*Fraser v. Nationwide Mut. Ins. Co.*,
   352 F.3d 107 (3d Cir. 2003)....................................................................................................2

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
   806 F.3d 125 (3d Cir. 2015)................................................................................................7, 9

*Hasson v. FullStory, Inc.*,
   No. 2:22-CV-1246, 2023 WL 4745961 (W.D. Pa. July 25, 2023) .....................................1, 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
   72 F.4th 1085 (9th Cir. 2023) .................................................................................................4

*Lightoller v. Jetblue Airways Corp.*,
   No. 23-361, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ....................................................6

*Luis v. Zang*,
   833 F.3d 619 (6th Cir. 2016) ..................................................................................................9

*M.H. on behalf of C.H. v. Omegle.com LLC*,
   No. 20-CV-11294, 2021 WL 1050234 (D.N.J. Mar. 19, 2021)..............................................3

*Mallory v. Norfolk S. Ry. Co.*,
   600 U.S. 122 (2023).................................................................................................................2

*Massie v. Gen. Motors LLC*,
   No. 21-787, 2022 WL 534468 (D. Del. Feb. 17, 2022)..........................................................7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218, 1230 (9th Cir. 2011) ......................................................................................5

*Mikulsky v. Noom, Inc.*,
   No. 3:23-CV-00285-H-MSB, 2023 WL 4567096 (S.D. Cal. July 17, 2023) .........................6

*Oliver v. Noom, Inc.*,
   No. 2:22-cv-1857 (W.D. Pa. 2022).........................................................................................8

*Perry v. CNN, Inc.*
   854 F.3d 1336 (11th Cir. 2017) ..............................................................................................7

*Popa v. Harriet Carter Gifts, Inc.*,
   426 F. Supp. 3d 108 (W.D. Pa. 2019).....................................................................................8

*Popa v. Harriet Carter Gifts, Inc.*,
   52 F.4th 121 (3d Cir. 2022) ....................................................................................................3

*Popa v. PSP Group*,
   LLC, No. C23-0294JLR, 2023 WL 7001456 (W.D. Wash. Oct. 24, 2023)............................7

*Quigley v. Yelp, Inc.*,
   No. 17-CV-03771, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) .......................................... 10

*Rosenow v. Facebook, Inc.*,
   No. 19-CV-1297-WQH-MDD, 2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ...................... 10

*S.D. v. Hytto Ltd.*,
   No. 18-688, 2019 WL 8333519 (N.D. Cal. May 15, 2019) .............................................. 5, 9

*Saleh v. Nike*,
   562 F. Supp. 3d 503 (C.D. Cal. 2021) ............................................................................. 9

*Schnur v. Papa John's Int'l, Inc.*,
   No. 2:22-CV-1620-NR, 2023 WL 5529775 (W.D. Pa. Aug. 28, 2023) ................. 1, 3, 4, 5, 6

*Shefts v. Petrakis*,
   No. 10-CV-1104, 2012 U.S. Dist. LEXIS 130542 (C.D. Ill. Sept. 13, 2012) ...................... 9

*Simon v. First Sav. Bank of Indiana*,
   No. CV 23-721, 2023 WL 5985282 (E.D. Pa. Sept. 14, 2023) ........................................ 2

*Straubmuller v. Jetblue Airways Corp.*,
   No. CV DKC 23-384, 2023 WL 5671615 (D. Md. Sept. 1, 2023) .................................... 7

*Toston v. JetBlue Airways Corp.*,
   No. 2:23-cv-01156-SVW-E, 2023 U.S. Dist. LEXIS 148675 ........................................... 6

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) .................................................................................................. 1, 6

*uBID, Inc. v. GoDaddy Grp., Inc.*,
   623 F.3d 421 (7th Cir. 2010) .......................................................................................... 3

*UMG Recordings, Inc. v. Kurbanov*,
   963 F.3d 344 (4th Cir. 2020) .......................................................................................... 5

*United States v. Hutchins*,
   361 F. Supp. 3d 779 (E.D. Wis. 2019) ........................................................................... 8

*Voltaix, LLC v. NanoVoltaix, Inc.*,
   No. CIV. 09-142(AET), 2009 WL 3230887 (D.N.J. Oct. 1, 2009) ................................... 3

*In re Zynga Priv. Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ........................................................................................ 9

**State Cases**

*Commonwealth v. Byrd*,
   235 A.3d 311 (Pa. 2020). ............................................................................................. 2, 10

*Commonwealth v. Cruttenden*,
   58 A.3d 95 (Pa. 2012) .................................................................................................. 2, 10

*Commonwealth v. Gamby*,
   283 A.3d 298 (Pa. 2022) .............................................................................................. 7

*Commonwealth v. Proetto*,
    771 A.2d 829-30 (Pa. 2001) .................................................................................................. 10

*Commonwealth. v. Smith*,
    136 A.3d 170 (Pa. 2016) ........................................................................................................ 8

*Commonwealth v. Spangler*,
    809 A.2d 234 (Pa. 2002) ........................................................................................................ 8

**Federal Statutes**

18 U.S.C. § 2510(4) ...................................................................................................................... 8

**State Statutes**

18 Pa. Cons. Stat. § 5702 .............................................................................................................. 8

**Rules**

Fed. R. Civ. P. § 4(k)(2) ................................................................................................................ 5

I.      **INTRODUCTION**

Plaintiff's Opposition does not dispute her claim arises from Avis Budget Group, Inc.'s ("ABG") collection of non-identifying information she voluntarily provided on ABG's Website while browsing for car rentals.[1] Plaintiff does not claim that ABG collected confidential or sensitive information, or even that she made a car rental reservation. She identifies no injury that could plausibly result from ABG's retention of Website interactions that do not identify her. In her effort at redeeming her pleading's incurable defects, Plaintiff advances several new arguments she failed to raise in her original opposition, *compare* ECF No. 22 *with* ECF No. 56—including that the jurisdictional test previously employed should be thrown out for the "Traditional test," and that although ABG is not registered to do business in Pennsylvania, it nevertheless "consented" to general personal jurisdiction, ECF No. 56 at 2-7.  Her arguments fail, and the Opposition provides no grounds to avoid dismissal.

**First**, this Court lacks personal jurisdiction over ABG. It is a foreign corporation that is not registered in Pennsylvania and has no physical presence in Pennsylvania. ABG's subsidiaries' presence cannot be imputed to ABG, but even if it could, jurisdiction would still be lacking because Plaintiff's claims do not arise from the subsidiaries' car rental activity in Pennsylvania. *Schnur v. Papa John's Int'l, Inc.*, No. 2:22-CV-1620-NR, 2023 WL 5529775, at *4 (W.D. Pa. Aug. 28, 2023); *Hasson v. FullStory, Inc.*, No. 2:22-CV-1246, 2023 WL 4745961, at *2 (W.D. Pa. July 25, 2023).

**Second**, Plaintiff relies on pre-*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) case law to argue that any acquisition of information online, no matter its content or effect, constitutes an Article III harm.  But *Ramirez* is clear that a mere statutory violation does not suffice in the absence of a concrete harm, and here Plaintiff alleges none.

---

[1]      Defined terms have the meaning stated in ABG's Memo. in Support of Renewed Motion to Dismiss (ECF No. 53-1).

**Third**, Plaintiff's deficient PWESCA claim cannot be cured. She ignores PWESCA's legislative history to argue intangible software code is a "device." None of the information she claims she provided on the Website is the "content" of a communication. *Cook v. GameStop, Inc.*, No. 2:22-CV-1292, 2023 WL 5529772, at *4-5 (W.D. Pa. Aug. 28, 2023). She alleges no *facts* suggesting ABG acquired her interactions besides when they arrived on the Website's server. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003).

**Finally**, even if the Website interactions were a "communication," the Pennsylvania Supreme Court has clearly stated: "[B]y the very act of sending a communication over the Internet, the party expressly consents to the recording of the message." *Commonwealth v. Byrd*, 235 A.3d 311, 319 (Pa. 2020) (citing *Commonwealth v. Cruttenden*, 58 A.3d 95, 98 (Pa. 2012)).

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER ABG

### A. ABG Is Not Subject To General Jurisdiction In Pennsylvania

Plaintiff fails to address—much less distinguish—the precedents uniformly holding that *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023) applies "only to defendants registered to do business in the Commonwealth" and not merely corporations "'doing business in Pennsylvania as [ ] used in common parlance'" like ABG. ECF No. 53-1 at 5 & n.1 (citing, e.g., *Simon v. First Sav. Bank of Indiana*, No. CV 23-721, 2023 WL 5985282, at *2 (E.D. Pa. Sept. 14, 2023) (holding that the Supreme Court "carefully limited its holding to the underlying facts" in *Mallory* to foreign corporations registered in the Commonwealth). These precedents foreclose the argument that ABG "consented" to personal jurisdiction in Pennsylvania. She conflates consent under *Mallory* (which requires registering to do business) with the general jurisdiction standard employed in *Daimler AG v. Bauman*, 571 U.S. 117, 138-139, 138 n.19 (2014). But *Daimler* is crystal clear that it takes "an exceptional case" for a corporation to be "at home" in a state other than its place of incorporation and principal place of business. Plaintiff fails to show that this is that "exceptional case"—indeed,

2

she offers nothing more than allegations of routine "business activities" that do not suffice under *Daimler*. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017).

B.     **Specific Jurisdiction Is Absent Under *Calder***

Plaintiff argues "express aiming" under *Calder* was established by ABG "intentionally implementing" software on its Website. ECF No. 56 at 14. But "arming" the Website with session replay is not "expressly aimed at Pennsylvania" under *Calder* where the website "has a 'national reach[.]'" *Schnur*, 2023 WL 5529775, at *3 (no express aiming where website implemented session replay software); RJN, Ex. 11. Likewise, awareness that Pennsylvanians visit the Website cannot establish express aiming under *Calder* either. *M.H. on behalf of C.H. v. Omegle.com LLC*, No. 20-CV-11294, 2021 WL 1050234, at *3 (D.N.J. Mar. 19, 2021) ("awareness that residents of a specific forum use a [ ] website is insufficient"); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 442 (E.D. Pa. 2006) (same). And the authorities cited by Plaintiff are inapposite. *See* at ECF No. 56 at 13-14. Indeed, *Voltaix, LLC v. NanoVoltaix, Inc.*, No. CIV. 09-142(AET), 2009 WL 3230887 (D.N.J. Oct. 1, 2009) demonstrates the Court's lack of jurisdiction. As here, the plaintiff pointed to the defendant's "generally available nationwide" website, but the court found jurisdiction lacking because "[p]laintiff has not alleged facts that suggest that Defendant expressly aimed his tortious conduct"—the promotion of allegedly infringing products—"at the forum, and thus has failed to meet its burden on the third prong of the [effects] test." *Id*. at *3. [2]

Plaintiff's laundry list of ABG's *subsidiaries*' forum activities bears no relation to the

---

[2]     *Chant Eng'g Co. v. Cumberland Sales Co.*, No. CV 20-4559, 2021 WL 848062, at *6 (E.D. Pa. Mar. 5, 2021)) holds that jurisdiction is lacking where, as in this case, there was no "purposeful solicitation or targeting of Pennsylvania residents by the website[.]" *uBID, Inc. v. GoDaddy Grp., Inc.* found personal jurisdiction based on GoDaddy's "deliberate and continuous exploitation of [the Illinois] market" for claims arising from GoDaddy's facilitation of cybersquatting by Illinois websites, resulting in revenue to GoDaddy. 623 F.3d 421, 424, 429 (7th Cir. 2010). Plaintiff never purchased anything, nor does her claim arise from ABG's subsidiaries' operations. *Popa v. Harriet Carter Gifts, Inc.* ("*Popa II*"), 52 F.4th 121 (3d Cir. 2022) never addressed personal jurisdiction.

3

***tortious*** conduct she alleges.[3] *See* ECF No. 14 ¶ 19. First, "ownership of a subsidiary does not subject the parent corporation to personal jurisdiction in the state of the subsidiary." *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005). Second, her claims do not arise from the subsidiaries' operations—she never reserved a car. ECF No. 14 ¶ 26-27. That ABG's subsidiaries are rent cars from brick-and-mortar locations "doesn't touch on the relevant tortious conduct"—"the use of Session Replay Code to instantaneously capture [Plaintiff's] interactions with [the] [W]ebsite," no matter where she is located. *Schnur*, 2023 WL 5529775, at *3.

Plaintiff's attempt to twist *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023) in her favor is unconvincing. The Ninth Circuit expressly limited its holding to "only the narrow question whether a defendant's sale of a physical product to a consumer in the forum state via an interactive website constitutes conduct expressly aimed at a forum." *Id.* at 1095. Moreover, it found "Plaintiff's claims—which allege harm caused by Defendants' sales of products—clearly arise out of and relate to Defendants' conduct of selling those same products to Arizona residents." *Id.* at 1096. Plaintiff doesn't allege ABG has sold a physical product into Pennsylvania, let alone that her claim relates to the purchase of a physical product on the Website.

### C. Specific Jurisdiction Is Absent Under The Traditional Test

Plaintiff claims that ABG "misses the mark" by analyzing personal jurisdiction under *Calder*, arguing it is a "secondary analysis" used only where a court cannot establish specific jurisdiction under "the Traditional test." ECF No. 56 at 8. But the traditional test "doesn't apply because, as the Third Circuit stated in [*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 n.2 (3d Cir. 2007)], the *Calder* test 'applies to intentional tort claims,'" which Plaintiff alleges here.

---

[3]  ABG does not maintain rental locations within Pennsylvania, and the alleged operations of its subsidiary cannot establish specific jurisdiction over ABG absent evidence that ABG and its subsidiary are alter egos, which is not true and never alleged. RJN, Ex. 9; ECF No. 53-1 at 7.

4

*Schnur*, 2023 WL 5529775, at *4; *Hasson*, 2023 WL 4745961, at *2; ECF No. 53-1 at 6. In any event, jurisdiction is lacking under the Traditional test because Plaintiff cannot show that her claim is "related to or arises out of" ABG's forum contacts. ABG's subsidiaries' forum-based activities are not ABG's activities and in any event, not the basis of her claims. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021) (must be some "relationship among the defendant, the forum, *and the litigation*."). "[T]he complaint hinges purely on browsing the website[.]" *Schnur*, 2023 WL 5529775, at *5. [4]

### D. Plaintiff's Request For Jurisdictional Discovery Should Be Denied

Plaintiff has not met her burden of establishing that jurisdictional discovery is warranted because she "has not proposed that any relevant jurisdictional facts can be developed to change the ultimate conclusion that personal jurisdiction over [ABG] fails in this case." *Hasson*, 2023 WL 4745961, at *3. "Installing Session Replay Code on the [ ] [W]ebsite and capturing [Plaintiff's] interactions" "are activities with no connection to Pennsylvania, and no amount of discovery can

---

[4] Plaintiff's argument under the traditional test relies entirely on inapposite out-of-circuit cases. ECF No. 56 at 10-11. *S.D. v. Hytto Ltd.*, No. 18-688, 2019 WL 8333519, at *2 (N.D. Cal. May 15, 2019) found personal jurisdiction over a Hong Kong company under Fed. R. Civ. P. 4(k)(2), which is <u>not</u> the "traditional personal jurisdiction analysis" but rather "focuses on a [foreign] defendant's contacts with the U.S. as a whole rather than on contacts with a particular forum state." "[*UMG Recordings* and *Mavrix Photo*] are distinguishable because they concerned claims that, unlike here, specifically targeted the plaintiffs in their fora." *Schnur*, 2023 WL 5529775, at *3 (distinguishing *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 354-55 (4th Cir. 2020) (website used location-based advertising to specifically target Virginia-based visitors) and *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F.3d 1218, 1230 (9th Cir. 2011) (alleging defendant "operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries")). *Ford* is inapposite as well, since, unlike here, "[e]ach plaintiff's suit . . . ar[ose] from a car accident in one of th[e forum] States," and "Ford had systematically served a market in [the States] for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Ford Motor Co.*, 141 S. Ct. at 1028. While the court in *Dzananovic v. Bumble, Inc.* found personal availment for alleged violations of Illinois's Biometric Information Privacy Act, the defendant did not dispute that it collected sensitive biometric data off its subscription based dating app for "targeted marketing purposes, including to personalize potential matches, inform its product pipeline, and identify users who are likely to become paying users"— allegedly tortious conduct directly tied to its extensive forum-related marketing and advertising activities in Illinois. *See* No. 21-CV-06925, 2023 WL 4405833, at *4 (N.D. Ill. July 7, 2023).

5

change that[.]" *Schnur*, 2023 WL 5529775, at *6 (denying request for jurisdictional discovery).

## III.   THE OPPOSITION CONFIRMS THAT PLAINTIFF HAS NOT BEEN HARMED

Plaintiff's arguments for Article III standing are contrary to controlling Supreme Court precedent. Plaintiff concedes that she has only alleged a procedural violation of PWESCA—but claims she need not allege anything more because PWESCA imposes liability no matter what the "contents of a communication" are so long as any alleged "communication [was] intercepted." ECF No. 56 at 18 (citing *Bartnicki v. Vopper*, 532 U.S. 514, 526 (2001)). She contends that she has standing because the harms protected by PWESCA "bear a close relationship in kind to the harm suffered under its historical analogue." ECF No. 56 at 16 (citing *Ramirez*, 141 S. Ct. at 2197).

But *Ramirez* and its progeny clarify that it is no longer sufficient for standing that a statute may protect a privacy interest. *Ramirez* shifted the constitutional inquiry to whether the "*asserted harm*" <u>resulting</u> from an alleged violation bears a "close relationship" to a <u>harm</u> traditionally recognized "as providing a basis for a lawsuit in American courts." 141 S. Ct. at 2200.

Plaintiff relies <u>exclusively</u> on outdated precedent finding any alleged privacy statute violation gave rise to Article III standing. ECF No. 56 at 16-18. Her argument "runs directly counter to the Supreme Court's clarification that a 'legislature's creation of a statutory . . . cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III.'" *Cook*, 2023 WL 5529772, at *3 (quoting *Lightoller v. Jetblue Airways Corp.*, No. 23-361, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023)). *See Toston v. JetBlue Airways Corp.*, No. 2:23-cv-01156-SVW-E, 2023 U.S. Dist. LEXIS 148675, *6 (no standing where plaintiff alleged session replay recorded "how he interacted with the website to retrieve flight information and prices"); *Mikulsky v. Noom, Inc.*, No. 3:23-CV-00285-H-MSB, 2023 WL 4567096, at *7 (S.D. Cal. July 17, 2023) (acquisition of "personal

6

information in text fields" including email address or phone number not a concrete harm).[5] She claims these *Ramirez* "session replay" progeny "missed the mark" by employing a "content-based approach" that the Supreme Court "rejected in *Bartnicki v. Vopper*, [532 U.S. at 526]" to find PWESCA a "content-neutral law of general applicability." ECF No. 56 at 18. *Bartnicki* concerned what level of scrutiny PWESCA should be afforded under the First Amendment's rubric for regulation of speech. Her other citations are equally as dubious. ECF No. 56 at 16-20.[6]

Her allegation of a bare procedural violation of PWESCA does not establish standing.

## IV. PLAINTIFF HAS NO PWESCA CLAIM

### A. Software Is Not A Device Under PWESCA

Plaintiff misinterprets PWESCA's legislative history in her attempt to argue that session replay is a "device." PWESCA must be interpreted according to the "common and approved usage" of its language at the time the statute was enacted. *Commonwealth v. Gamby*, 283 A.3d 298, 307 n.11 (Pa. 2022). Here, "device" as used in the statute at the time of its enactment in 1978 shows that PWESCA is intended to apply to a tangible "device" or "apparatus," not intangible code. ECF No. 53-1 at 16-19. That PWESCA has been amended in 1998 and 2012 to address

---

[5] *See Popa v. PSP Group*, LLC, No. C23-0294JLR, 2023 WL 7001456, at *5 (W.D. Wash. Oct. 24, 2023) ("Popa does not allege that she entered any personally identifiable information into PSP's website . . . . [S]he has not alleged an injury in fact[.]"); *Adams v. PSP Grp., LLC*, No. 4:22-CV-1210 RLW, 2023 WL 5951784, at *7-8 (E.D. Mo. Sept. 13, 2023) (same) (Plaintiff's harm "not closely related to the harm upon which [ ] intrusion of seclusion is based."); *Straubmuller v. Jetblue Airways Corp.*, No. CV DKC 23-384, 2023 WL 5671615, at *3 (D. Md. Sept. 1, 2023) (same); *Massie v. Gen. Motors LLC*, No. 21-787, 2022 WL 534468, at *3 (D. Del. Feb. 17, 2022).
[6] These cases uniformly rely on the pre-*Ramirez* standard. *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 131, 134 (3d Cir. 2015) ("the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights"); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) (same); *Perry v. CNN, Inc.* 854 F.3d 1336, 1340 (11th Cir. 2017) (same); *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (same); *In re Facebook, Inc. Internet Tracking Litig*, 956 F.3d 589, 599 (9th Cir. 2020) (same). *See PSP Group*, 2023 WL 7001456, at *4 (*In re Facebook* and *Eisenberger* both pre-date [*Ramirez*]"); *Cook*, 2023 WL 5529772, at *5 ("A close look at [*Nickelodeon* ] and [*In re Google Inc. Cookie Placement Cons. Priv. Litig*.] reflects that they might be abrogated by [*Ramirez*].").

emerging electronic communication technologies confirms the General Assembly's intent to construe "device or apparatus" (18 Pa. Cons. Stat. § 5702) as something tangible; the definition was never amended to include software despite multiple opportunities to do so. Her cases are inapposite. ECF No. 56 at 20-22.[7] *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108 (W.D. Pa. 2019) <u>declined</u> to address the issue. *Commonwealth v. Spangler*, 809 A.2d 234 (Pa. 2002) involved a recording of a phone conversation by tape recorder, not via software. *Commonwealth. v. Smith*, 136 A.3d 170 (Pa. 2016) dealt with whether the interception of oral communications on a smartphone's "voice memo" app fell under the "telephone" exemption." *Oliver*, No. 2:22-cv-1857 is unconvincing as it acknowledged that the software is not itself a tangible device, but code within "the device on which the underlying communication is taking place[.]" Slip Op. at 13.

### B. Plaintiff Does Not Allege That ABG Captured Any Contents

Plaintiff alleges that ABG "intercepted" her "mouse movements, clicks, keystrokes," and pages and content she viewed to generate a car rental quote online. ECF No. 14 ¶¶ 4, 26-29; *see* RJN, Ex. 8. This data does not constitute the "substance, purport, or meaning" of a message. *See* ECF No. 53-1 at 19-20 (collecting authorities) (citing *Cook*, 2023 WL 5529772, at *6 (dismissing PWESCA claims after plaintiff "visited www.gamestop.com and 'browsed for different products for sale' [ ] us[ing] 'her mouse to hover and click on certain products and typ[ed] search words into the search bar'") (quoting *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014))). Her

---

[7] Plaintiff also cites a slew of authorities that do not discuss a "device" under PWESCA. *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) did not address whether software is a device under the Federal Wiretap Act, but only the "ordinary course of its business" exemption under 18 U.S.C. § 2510(4); *see Doe v. Meta Platforms, Inc.*, No. 22-cv-03580-WHO, *20, 2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) (relying on *In re Carrier IQ*). *Byrd v. Aaron's, Inc.*, No. CV 11-101, 2012 WL 12887775, at *9 (W.D. Pa. Feb. 17, 2012) interpreted the term under the Federal Wiretap Act and did not analyze whether the alleged technology was software or if software constituted a device. *United States v. Hutchins*, 361 F. Supp. 3d 779, 795 (E.D. Wis. 2019) merely shows that some courts have interpreted the federal Wiretap Act to include software by relying on other Wiretap Act cases that are inapposite for the reasons discussed above.

attempt to discredit *Cook* is circular, pointing out that her (anonymous) entry of information on the Website generated instructions that conveyed the information to ABG; she does not explain why these "instructions" are actionable where the underlying information conveyed by the instructions is not.

The authorities Plaintiff cites address the collection of information that is nothing like the data she alleges ABG acquired. *In re Google* dealt with "highly detailed" URLs that revealed specific information and search terms. *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 139. *S.D. v. Hytto Ltd.*, 2019 WL 8333519, at *7 found the transmission of users' (virtual) "desired strength of touch" through defendant's sex toy was an "unspoken communication" that can constitute "contents." *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1056 (N.D. Cal. 2021) dealt with interceptions that revealed users' "dating history, [] sexual interests and/or orientation, [] political or religious views, [] travel plans, [and] private plans for the future" (e.g., "purchasing of an engagement ring"). ECF No. 56 at 22-24. [8]

### C. Plaintiff Does Not Allege An Interception

Plaintiff has alleged no facts suggesting that ABG acquired her communications while they were in transit. Synonyms for "intercept" are not "specific facts" showing that ABG acquired Plaintiff's interactions "in transit." *See* ECF No. 14 ¶ 6. The "technological mechanism" that Plaintiff claims ABG used appears to be a footnote citation to a website about "HTTP requests," which says nothing about how ABG acquired her interactions contemporaneous with transmission.

---

[8] *Luis v. Zang* and *Shefts v. Petrakis* also failed to distinguish between content and non-content data. *Luis v. Zang,* 833 F.3d 619, 624 (6th Cir. 2016); *Shefts v. Petrakis*, No. 10-CV-1104, 2012 U.S. Dist. LEXIS 130542, at *41-42 (C.D. Ill. Sept. 13, 2012). *Oliver* and *Valenzuela* are inapt as shown in the Motion. ECF No. 53-1 at 20 n.4 . *Byars v. Goodyear Tire & Rubber Co.*, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) was strongly criticized for defying Supreme Court pleading standards. *See Byars v. Hot Topic*, 2023 WL 2026994, at *4 (C.D. Cal. Feb. 14, 2023). No court has followed *Saleh v. Nike*, 562 F. Supp. 3d 503, 518 (C.D. Cal. 2021) on the issue besides *Goodyear.*

*Id*. ¶ 30 n.5; ECF No. 56 at 26; *Quigley v. Yelp, Inc.*, No. 17-CV-03771, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018). Her attempt to provide facts of an "in transit" interception provides no more detail than those rejected as conclusory in *Rosenow v. Facebook, Inc.*, No. 19-CV-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020).

### D. Plaintiff Consented To Any Recording

Plaintiff urges this Court to reject the Pennsylvania Supreme Court's controlling pronouncement that "by the very act of sending a communication over the Internet, the party expressly consents to the recording of the message." *Byrd*, 235 A.3d at 320; *Cruttenden*, 58 A.3d at 129 ("sender knows that by the nature of sending the communication[,] a record of the communication" is made and "can be downloaded, printed, saved" (citations omitted)); *see Proetto*, 771 A.2d at 829-30 (same); *see Edwards v. HOVENSA, LLC,* 497 F.3d 355, 361 (3d Cir. 2007) ("A federal court under *Erie* is bound to follow state law as announced by the highest state court."). To avoid this binding precedent, Plaintiff invents a legal distinction where none exists: that *Proetto* and *Cruttenden* applies to Internet communications only when they are disclosed by a recipient *after-the-fact*. ECF No. 56 at 28-29. Her analysis confuses the *consent* element of PWESCA with whether an *interception* occurred because PWESCA does not apply to the transmission of communications from storage. *Cruttenden* expressly identified the consent exception under PWESCA for communications sent over the Internet as distinct from PWESCA's direct-recipient exception. *See Cruttenden*, 58 A.3d at 98-99. Further, *Byrd*, *Proetto*, and *Cruttenden* all applied to <u>contemporaneous</u> recording. *Cruttenden*, 58 A.3d at 129 (chatroom messages); *Proetto*, 71 A.2d at 826 (same); *Byrd*, 235 A.3d at 317.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed.

|  |  |
|---|---|
| Dated: November 10, 2023 | **GREENBERG TRAURIG, LLP**<br><br>*/s/Brian T. Feeney*<br><br>**Brian T. Feeney (PA ID 78574)**<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>(215) 988-7812<br>feeneyb@gtlaw.com<br><br>**Rebekah S. Guyon, Esq.** (admitted pro hac vice)<br>1840 Century Park East, Ste. 1900<br>Los Angeles, CA 90067-2121<br>(310) 586-7716<br>Rebekah.guyon@gtlaw.com<br><br>**Blake M. Bailus, Esq.** (admitted pro hac vice)<br>One Vanderbilt Avenue<br>New York, New York 10017<br>(212) 801-9326<br>bailusb@gtlaw.com<br><br>*Attorneys for Defendant Avis Budget Group, Inc.* |