IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANICE MUNDAY, Individually and on behalf of all others similarly situated,**<br>**Plaintiff,**<br><br>v.<br><br>**AVIS BUDGET GROUP, INC.,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 22-4807** |

**O R D E R**

**AND NOW**, this 10th day of October, 2025, upon consideration of the Parties' Joint Status Report (ECF No. 70), the U.S. Court of Appeals for the Third Circuit's decision in *Cook v. Gamestop, Inc.*, 148 F.4th 153 (3d Cir. 2025), and Defendant's Motion for Leave to File Notice of Supplemental Authority (ECF No. 72) **IT IS ORDERED** as follows:

1. Defendant's Motion for Leave to File Notice of Supplemental Authority (ECF No. 72) is **GRANTED.**

2. Defendant's Renewed Motion to Dismiss the Amended Complaint (ECF No. 53) is **DENIED AS MOOT WITHOUT PREJUDICE.**

3. Plaintiff's Amended Complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE**[1] and the Deputy Clerk shall mark the case closed.

---

[1] On August 7, 2025, the Third Circuit affirmed the U.S. District Court for the Western District of Pennsylvania's dismissal for lack of Article III standing in *Cook v. Gamestop, Inc.*, 148 F.4th 153 (3d Cir. 2025). (ECF No. 70.) The *Cook* plaintiff asserted a claim under the Pennsylvania Wiretapping and Electronic Surveillance control Act ("WESCA") based on allegations that defendant GameStop used session replay code to collect information about plaintiff's visit to GameStop's website. In another recent action based on WESCA, the Ninth Circuit affirmed in *Popa v. Microsoft Corp.*, 2025 WL 2448824, at *5–6 (9th Cir. Aug. 26, 2025) that a pet supply website visitor lacked Article III standing to challenge the site's use of session replay software because she failed to allege how "the tracking of her interactions with the PSP website caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." (ECF No. 72.)

The Court finds that, like the plaintiffs in *Cook* and *Popa*, Plaintiff has not alleged a concrete injury sufficient for Article III standing. This Court follows the "kind of harm" test—which asks whether the kind of harm a plaintiff alleges is comparable to the kind of harm caused by the comparator tort at common law—to analyze whether a plaintiff's injury is concrete for purposes of Article III standing. *Barclift v. Keystone Credit Servs. LLC*, 93 F.4th 136, 145 (3d Cir. 2024). Plaintiff alleges that "[a]t common law, Defendant's conduct would amount to an invasion of privacy, such as intrusion upon seclusion." (ECF No. 14 ¶ 23.) Therefore, the Court looks to the comparator torts of disclosure of private information and intrusion upon seclusion to analyze her Article III standing.

A defendant is liable for disclosure of private information when he "gives publicity to a matter concerning the private life of another . . . if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Cook*, 148 F.4th at 159 (internal citations omitted). Here, Plaintiff alleges that session replay software captured her trip destination, the date of arrival for her trip, the time of day for her arrival, where she would be returning the rental vehicle, the date she would be returning the vehicle, the time of day she would be returning the vehicle, her age, where she lived, and the type of car she wanted. (ECF No. 14 ¶ 28.) She does not claim that she provided her name or other information that identified her personally to Defendant. The information Plaintiff shared on Defendant's website is not information that can be considered "highly offensive to a reasonable person." *See Baysal v. Midvale Indemnity Co.*, 78 F.4th 976, 989 (7th Cir. 2023) (explaining that disclosure of drivers' license numbers, unlike a poor credit score or medical information, is not akin to disclosure of "the sort of potentially embarrassing or intimate details" covered by common law privacy torts). Rather, this is the same type of information that a rental car company employee would obtain in the normal course of interacting with a potential customer interested in rental car availability and pricing on a particular date. Moreover, while Plaintiff takes issue with this information being shared to the session replay provider, she, like the plaintiff in *Cook*, makes no allegations that her anonymous information was publicly disclosed. *See Cook*, 148 F.4th at 160. Plaintiff therefore fails to demonstrate a harm comparable to the tort of disclosure of private information.

Intrusion upon seclusion occurs by "(1) physical intrusion into a place where the plaintiff has secluded himself or herself; (2) use of the defendant's senses to oversee or overhear the plaintiff's private affairs; or (3) some other form of investigation or examination into plaintiff's private concerns." *Id.* (internal citations omitted). The harm turns on the intrusion itself, either as to the plaintiff's person or as to his private affairs. *Id.* Plaintiff has not alleged a physical intrusion into her seclusion because the internet is not a secluded place. "Most of us understand that what we do on the Internet is not completely private." *Id.* (internal quotations omitted). And for the reasons discussed above, Plaintiff's anonymous supply of non-identifying information on a widely accessible commercial website cannot be considered a conversation concerning her "private affairs" within the meaning of intrusion upon seclusion. *Id.* at 161–62.

Plaintiff has failed to demonstrate that she suffered an injury that bears a close relationship to a harm traditionally recognized at common law when the information in her rental car inquiry was shared with the third-party session replay software provider. As a result, the Court dismisses this case without prejudice for lack of subject matter jurisdiction.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____
   **HODGE, KELLEY B., J.**